**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASPER CROOK, | No. 16-55477 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-01985-JVS-AS |
| v. | |
| DANA NICOLE THIBEDEAUX, AKA Dana Nicolas Edenburg, AKA Dana N. Harris; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 11, 2017**

Before: CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Jasper Crook appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging various claims arising from a child support and

custody dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). To the extent Crook's reply brief requests oral argument, Crook's request is denied.

novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Crook's action because Crook failed to allege facts sufficient to state a plausible claim for relief. *See id.* at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (elements of § 1983 claim).

To the extent that Crook challenges the dismissal with prejudice of civil rights claims alleged in his Second Amended Complaint, the district court properly dismissed those claims as time-barred. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (California's statute of limitations for personal injury torts applies to § 1983 and § 1985 claims).

We do not consider issues or arguments not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We construe Crook's notification (Docket Entry No. 15) as a request to file a late reply brief, and grant the request. The Clerk shall file the reply brief received on January 17, 2017 (Docket Entry No. 13).

**AFFIRMED.**

16-55477